UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA LEE McGIBONEY,<br><br>     Petitioner,<br><br> v.<br><br>KEITH YORDY, Warden of the Idaho State Correctional Institution,<br><br>     Respondent. | Case No. 1:16-cv-00150-REB<br><br>**MEMORANDUM DECISION AND ORDER DENYING POST-APPEAL MOTIONS** |

On March 26, 2019, this Court entered final judgment dismissing Petitioner's habeas corpus claims as procedurally defaulted. *See* Dkt. 37. The Court held that Petitioner had not met his extraordinarily high burden of establishing actual innocence to excuse the default, under the holding of *Schlup v. Delo*, 513 U.S. 298 (1995). *See* Dkt. 36. This case is currently on appeal.

On October 16, 2020, Petitioner filed two motions: first, a Motion for an Indicative Ruling, under Rule 62.1 of the Federal Rules of Civil Procedure; second, a Motion for Relief from Judgment, under Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See* Dkts. 46, 47. The Court incorporates the facts and legal standards set forth in its March 26, 2019 Memorandum Decision and Order. For the reasons that follow, the Court will deny Petitioner's post-appeal motions.

MEMORANDUM DECISION AND ORDER DENYING POST-APPEAL MOTIONS - 1

1.     **Standards of Law**

An appeal divests the district court of jurisdiction. However, Rule 62.1 allows a district court to undertake one of three actions if a timely motion is filed while an appeal is pending. The Court has authority to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1.

Even so, Rule 60(b)(6) is used only "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (internal quotation marks omitted). To be entitled to relief from judgment under Rule 60(b)(6), a party must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Relevant here, the Supreme Court has said that "[s]uch circumstances will rarely occur in the habeas context." *Id*.

A Rule 60(b) motion may not be used in a habeas case (1) to present newly-discovered evidence on the merits, (2) to add a new claim for relief that was not included in the petition, (3) to "attack[] the resolution of a claim on the merits," or (4) to "vacate the judgment because of a subsequent change in substantive law." *Rishor v. Ferguson*, 822 F.3d 482, 491 (9th Cir. 2016). Such motions are deemed successive petitions subject to the restrictions of 28 U.S.C. § 2244(b). However, a party may use a Rule 60(b) motion to argue "that a previous ruling which precluded a merits determination was in error: for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4. Petitioner's motion is of the latter type—

he asks that the Court reconsider its decision on procedural default—and, therefore, is not subject to the successive petitions bar.

2.  **The Court Will Deny the Post-Appeal Motions Because Petitioner Has Not Shown Extraordinary Circumstances Justifying Relief from Judgment under Rule 60(b)(6)**

Petitioner brings forward two types of evidence that, though not "new," he discovered after the Court entered judgment in this case. He contends that this evidence proves that he is actually innocent, permitting the Court to consider the merits of his habeas claims.

First, Petitioner puts forward a scientific report from DNA Experts LLC, stating that Petitioner could be excluded as the contributor of DNA on one of the unused rounds recovered at the scene, which was Exhibit 61B. This report contradicts the earlier scientific report Petitioner submitted, from Bode Cellmark Forensics, which concluded there was insufficient DNA for testing. This newly presented report may set up a disagreement between Petitioner's experts, but it does not present extraordinary circumstances justifying setting aside the Court's final judgment. Moreover, the lack of Petitioner's DNA on an unused round does not "fundamentally call into question the reliability of [Petitioner's] conviction," *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002), particularly when considering that the new report does not conclusively determine that DNA on the unused bullet was from Lowe or Bergerson—the robbery victims, who Petitioner claimed were the aggressors.

Second, Petitioner presents a series of audio recordings and transcripts of police interviews with witnesses in the immediate aftermath of the crimes. These recordings

MEMORANDUM DECISION AND ORDER DENYING POST-APPEAL MOTIONS - 3

were available at the time of Petitioner's trial. Petitioner's trial counsel received them in discovery, but they were not used at trial. *See* Dkts. 48-1 and 48-2. The information in the recordings is largely cumulative of the witnesses' testimony at trial and, with one exception, warrants no further discussion.

The exception pertains to one recording which contains relevant impeachment evidence of more than de minimis value. In an early interview with police, witness Nicholas Anderson, a neighbor who later positively identified Petitioner as the shooter, stated that he would "probably not" be able to identify the shooter.

Anderson's in-court identification of Petitioner is one of the pieces of evidence that led the Court to conclude that, more likely than not, a reasonable juror still could find Petitioner guilty beyond a reasonable doubt. Anderson was cross-examined on his identification at trial. *See* Dkt. 36 at 17–18 ("Anderson did not know Lowe or Bergerson other than by sight, and he had no reason to lie about what he saw. Petitioner argues that Anderson's identification is unreliable, but the potential weaknesses in that identification were already exposed at trial. Anderson was a distance away from Petitioner at the time and it was fairly dark, but Petitioner's trial counsel cross-examined Anderson on these points. Hence, the jury knew of the possible problems with the identification and presumably considered them when evaluating Anderson's testimony."). Anderson's previous statement to police, however, could have provided an additional reason why a juror might doubt the accuracy of the in-court identification.

Nonetheless, the recordings do not rise to the level of extraordinary circumstances for purposes of Rule 60(b)(6). Even if one disregarded Anderson's identification entirely,

MEMORANDUM DECISION AND ORDER DENYING POST-APPEAL MOTIONS - 4

there remains the testimony of Michael Roberts and Officer Richmond, who encountered Petitioner after the incident. Petitioner—who claimed at trial that he had just been attacked out of the blue by Lowe and Bergerson—did not seek aid from Roberts or Richmond and, in fact, actively evaded or attempted to evade them.

Further, Anderson knew the faces of his neighbors. If Petitioner's version of events were true, and it was actually *Lowe* who drew and fired the gun, Anderson certainly would have been able to identify Lowe as the shooter. He did not.

Also, Anderson's identification was not the only evidence of Petitioner's guilt, not by far. The jury was able to gauge Petitioner's credibility, was well as that of Lowe, Bergerson, and the other witnesses. The jury decided that Petitioner's story did not ring true. Against that scrim of trial evidence, the recordings and transcripts simply do not constitute the kind of "dramatic new evidence of innocence" that satisfies the exacting *Schlup* standard, when considered in light of all the evidence. *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013).

Finally, although evidence need not be newly discovered for purposes of a *Schlup* gateway claim, but only "newly presented," *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003), we are now in a Rule 60(b)(6) world. Petitioner must show the type of extraordinary circumstances that warrant upsetting a final judgment. In *Hamilton v. Newland*, 374 F.3d 822 (9th Cir. 2004), the Ninth Circuit considered a scenario similar to Petitioner's. In that case, the petitioner's habeas claims were held to be barred by the statute of limitations. *Id*. at 824. The petitioner filed a Rule 60(b) motion asserting actual

MEMORANDUM DECISION AND ORDER DENYING POST-APPEAL MOTIONS - 5

innocence, with supporting evidence, to support an argument to excuse the untimely filing.

The Ninth Circuit held that the petitioner had not shown extraordinary circumstances for Rule 60(b) purposes. Although the newly presented evidence was not available at the time of the petitioner's state court trial, it *was* available when the petitioner first sought federal habeas relief. *Id*. at 825. Hence, the petitioner's attempt to introduce the evidence came too late, because even though the delay might have been "attributable to inattention or inexperience[,] … neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b) relief." *Id*.

Here, as in *Hamilton*, the evidence contained in the recordings was available at the time Petitioner filed his federal petition. More than that, the prosecution disclosed the recordings in discovery, and trial counsel received them, so they were available at the time of trial. The Court acknowledges that neither Petitioner himself nor his habeas counsel obtained the recordings until recently. Nonetheless, the Court must apply the steep climb imposed by the requirement of extraordinary circumstances. The evidence put forward by Petitioner does not reach the summit of extraordinary circumstances warranting Rule 60(b) relief. This is particularly so given that Petitioner has not established, by a preponderance of the evidence, that in considering all the evidence, including the recording of Anderson's initial interview, every reasonable juror would be compelled to find reasonable doubt. *See Schlup*, 513 U.S. at 327.

Therefore, the Court will deny Petitioner's Motion for an Indicative Ruling and Motion for Relief from Judgment.

MEMORANDUM DECISION AND ORDER DENYING POST-APPEAL MOTIONS - 6

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motions for an Indicative Ruling and for Relief from Judgment (Dkts. 46 & 47) are DENIED.

2. The Court finds that its resolution of the instant motions is not reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

DATED: April 9, 2021

_____
Ronald E. Bush
Chief U.S. Magistrate Judge